Good morning. Dean Stewart on behalf of Ted Moreno. I'd like to start with the government's issue in contention that this has already come before this Court and therefore were foreclosed. In one sense that's true. The issue was brought before this Court, was briefed and was ruled upon, but as the, and I think it's pronounced, Ciccini case, which the government cited, points out, we were in a different procedural posture on the direct appeal. And that was the district court denied the credit for the time served because no one knew what the Bureau of Prisons would do. Perhaps the Bureau of Prisons was going to credit Mr. Moreno with that six months. Perhaps they weren't. And Ciccini points out in the very last sentence that the proper procedure is to get sentenced, go through your Bureau of Prisons procedure to see if you get credit. If you don't, administratively appeal it. Sotomayor Was this precise issue before the Court before? I thought the issue before the Court before was sort of the merits issue, not the question of notice. Moreno I thought that it, frankly, I thought it, I didn't do the direct appeal, but I thought it was a claim of error for failure to depart downward for this, for this reason rather than a direct credit issue. But let's, let's assume for a moment it is a direct credit issue. It's, we're still not foreclosed now because now we have done what the Ciccini court told us to do, which is administratively go through, we've denied, and we've now brought it on a rip. And in fact, the last sentence of Ciccini says that that's exactly what we're supposed to do. So I would suggest we have followed the Court's advice in that case, and we're now properly here with this issue. The other interesting thing about Ciccini is the very last footnote says, we, of course, express no opinion on whether Ciccini's house arrest qualifies as, quote, official detention within the meaning of the section. And perhaps the Reno v. Coray answered that question some years later. But that's not the posture of Mr. Moreno. Mr. Moreno is very unique in his facts in that his house arrest was after his conviction but before his sentencing. I've found no other case that addresses someone as this. The Second Circuit case seemed to me to be about that. I know that everybody's been saying that it isn't. But in fact, that case seemed to cover both time periods as far as I could tell. I would say it is about that generally, Your Honor, but that's a really unusual factual situation as well. He was actually doing six months on a sentence of a related gun case of house arrest, then got indicted. And so he had two periods of house arrest that they were dealing with. Right. But they seemed to be dealing at one of them was because of the conviction and the other one was both pre-trial and post-trial pre-sentence. And they were quite clear about that. Your Honor, the way I read that case is it was pre-trial. The second period was pre-trial, but it wasn't post-trial pre-sentence because he had already done six months from the other related case. So I would suggest that factually this case is different. And not only that, as the Court may have noted in my brief, I challenge their logic anyway. I don't think it comports with what Justice Ginsburg noted in the Coray decision. And therefore ---- Kagan. To get to the notice liberty issue, you have never alleged anywhere that I can tell that Mr. Moreno in fact didn't know this. In other words, you're not alleging that it wasn't knowing involuntary as a constitutional matter. You're simply alleging that he should have been notified it, but not that he didn't know it and not that it wasn't knowing involuntary. Is that right? It's correct. Not part of the record one way or the other. So where do you get the notion that there is a prophylactic requirement to tell him something which he might all ---- which, frankly, the lawyer should have told him and he may well have already known? Right, Your Honor. And I would suggest this is just like Rule 11, same situation. But Rule 11 is a rule. It's there. This one isn't. So where are you getting it from? I'm getting it from the same thinking. When you've got a due process issue, you've got an important right, you need to have on the record the advisements that you have that right. That's where Justice Ginsburg is talking about notice. Well, I understand she said that, but she said it tentatively, and I've thought about it hard, and I'm having a hard time seeing. Rule 11 is a prophylactic rule which has been specifically enacted essentially to avoid having to make knowing involuntary determinations. Here we don't have that rule, so we have to make the knowing involuntary determination, it seems to me. And you haven't given us any allegation that suggests that it wasn't knowing involuntary. Well, again, like Rule 11, I do have my duty and my job to advise my client, but it goes farther than that. These rights are more important than that. It's much like Rule 11 when you have very important constitutional rights. Here, I would argue, this is the same sort of a situation. And, yes, there is no Rule 11 tantamount to it here, but there should be. He's entitled to on the record. You can go to Congress and get one, but meanwhile, there isn't one, and the question is, where's the constitutional violation? Due process violation, Your Honor, the fact that he needs to have that notice, and there's got to be a comprehension check. Why would Justice Ginsburg have even put that language in there? Well, there was one justice in the Supreme Court who was troubled by a troublesome case. She wasn't making a ruling, and she didn't answer these questions. Well, this is also a troublesome case if you look at what happened to Mr. Moreno. But he requested this. He requested house arrest, and he helped craft the conditions. You know, live with the one sister outside the county or whatever, and no, not that sister. But, I mean, all of this was something that he helped, and I say he, maybe through his attorney, but he, this is something he requested, something that he helped craft. It's not like the judge imposed this and said, I'm going to impose this on you. You have no choice in the matter. No, and I, obviously, I agree. I was the one that crafted most of that, and I can't argue with that. But the bottom line is, once he's situated in this house arrest situation in another county, is that now official detention or tandem arrest? Well, under Reno v. Correa, it's not. Well, true. However, we are in a different area than Reno v. Correa. We've got a convicted defendant now. We've got somebody that knows. But what difference does that make? What difference does the fact that he's now convicted make? Because 18 U.S.C. section 3583 says that if he is in custody because of the conviction on this case, then it should, this is, he should get credit for that. And that's the difference between people who are pretrial, because they never know whether they're going to get convicted or go to jail or what. Mr. Moreno knew he's got a conviction. We're pre-Booker at that point, knows he's going to jail. All of that fits into what 18 U.S.C. section 3583 says should be official detention. He's in this position because of his conviction on this case. Now, Reno, was Reno 18 U.S.C. 3585 or 30? Yes, if I misspoke, it is 85, 3585. OK, that's that's my recollection. So, but Reno Correa interprets that section and says and tells us that this is not detention. House arrest is not detention. And I agree. And the problem is that was Mr. Correa was not convicted. He was still pretrial at that point. And that's a big difference here. But it's not a different. I mean, I understand. Why does the fact he's convicted make a difference? I mean, there's the statute. It's been interpreted by the Supreme Court. And now you want us to say, no, that's imposed. Some other condition on the district judge who didn't even come up with this. In other words, the defendant says, here's what I want. The judge goes along with him. And now you're saying, oh, judge, we caught you. It's like invited error. No, all I'm saying is he was entitled to credit for the six months that he spent under these conditions. He wasn't entitled to six months. We know that. We know he was not entitled to the six months. You're claiming that he was entitled to six months only because the judge didn't tell him something that his lawyer should have told him and that he might have known as far as we know. Well, and unfortunately, I have to take issue with that, because what I did or didn't tell him is never going to be on the record unless it's a 2255. And what I'm suggesting is the district court has a duty, much like Rule 11, to tell the defendant, look, Mr. Defendant, you may or may not get credit for this. And under these circumstances, you won't. What instance can you point to in another area in which, outside of some rule, there is a requirement by a liberty-based interest that the court tell somebody something? My sense is that the initial appearance bail proceedings oftentimes are not strictly considered or not covered by rules, but everyone goes through all of the machinations. And I can't pull one up off the top of my head. I'm asking you for a case that says there's a constitutional violation. There are none. There are none. None that I know of. But there's much in this case that's first impression as well. I'm going to save the time for rebuttal. You have about 40 seconds. Thank you. We have one from the government. May it please the Court. My name is Brett Sago. I represent the United States, and particularly in this matter, the Federal Bureau of Prisons. The petitioner's writ of habeas corpus in this case should be the denial of it should be one of which it was already decided on the grounds it was already decided in the direct appeal or the grounds were apparent on the direct appeal. Second, there are no protected liberty interests of the petitioner here. And as there are none were impaired, there was no due process that was required to him. And third, assuming that there was some due process that was due to this petitioner, there's no prejudice to this petitioner in the sense that there's nothing in the record showing that he would have chosen anything else. The only thing in this record is that he was in jail and he wanted to be out of jail no matter what. And he proposed and stipulated to every one of these conditions so that he could be out of jail. The notice issue in this case is very simple. Reno v. Corey came out five years before this case. The defendant, through his attorney, was on notice that any release on bail does not amount to credit for time served. The notice was there through his attorney. Now whether or not the court needs to do it, there are a lot of things that, as petitioner's counsel says, that he expects the judge to do. Well, in a normal case, you don't expect the judge to say to the defendant, do you have any Fourth or Fifth Amendment claims or any defenses you want to raise to us in a typical setting. That's left to the defendant's counsel to raise and discuss with the defendant. But it would certainly be better practice, don't you think, for a judge to say this? It could be. But in this case, I don't think there was any reason for the judge to have to give him notice. It was clear law at that time that he was not to get any credit for being on bail. And as well as the fact that getting to the heart of what we're talking about is whether there's due process. It's somewhat absurd to say that this person is getting anything worse than jail. If they were getting anything worse than or equal to jail, they wouldn't be asking for it. This person. Well, but what – I mean, there might be a liberty interest here, because what he was essentially getting was because in the end, because of what he to some degree proposed, he's going to be in jail for X number of years plus house arrest for Y time, whereas if he didn't do that, he would be in jail for X amount of time only. So he's in confinement of some kind for longer. And in that sense, he has a liberty interest, which is not necessarily a liberty interest in a notice, but it's a liberty interest in the sense that he's going to be in confinement longer. I believe you're correct, Your Honor. I would point to the language basically that the Second Circuit used, and I would I think they're wrong on that point, actually. It doesn't make sense to me what they're saying, because he is, in fact, total time in, you know, non-free life longer. Well, and I think what they said is this is an opportunity, but it's too insubstantial to be regarded as liberty interest protected by the Due Process Clause. And I believe that's what we're looking at here. Is this something protected by the Due Process Clause? And I don't believe – But that could be protected by the Due Process Clause without saying that he has a liberty interest in a notice, which is a different question. Possibly, but then I would point to the fact that there's no legal basis to this notice. There's never been any law, any holding, any ruling, any rules proposed or actually entered into or enacted by Congress that requires any such notice. And the Supreme Court had this case, and I – I guess the difference is this. If he were to show up, you know, next week and say something different than what he said here, that I was misinformed by my lawyer, who told me that, in fact, this wasn't going to count. He says an ineffective assistance claim. And it was going to count, and I, therefore, have a constitutional claim that I was deprived of my liberty by my – by making a non-knowing involuntary decision. That would be a very different claim and one that also depends on there being a liberty interest in the ultimate question of whether he is subject to this confinement or not, but not on a notice. And your argument seems to say that that claim wouldn't be any good either, and I think it probably would be. I guess it would depend on the record, but there's nothing here saying that he has any claim of ineffective assistance at counsel. Or any claim that he actually didn't know it. That is absolutely correct, and that is one of our contentions. There's nothing in the record that he would have chosen otherwise, that he would have said, oh, I'd rather start my sentence early. It was clear when he was remanded and that what his sentence likely would be based on the guidelines and so forth. He didn't need to ask to get out on bail to reconsider the district court's ruling that he's remanded into custody. And that's exactly what he's doing. In this case, I would say, on the contrary to an ineffective assistance at counsel claim, it appeared that his attorney did exactly what he wanted, to get him out of jail. And so, actually, to the contrary of a possible ineffective assistance at counsel, he had very effective counsel that he was able to convince the judge to reconsider his prior ruling and to allow him out on bail. And that claim's not in front of us quite yet, but let's assume for the sake of argument that the court had misinformed him. I mean, certainly, your argument, you could make that argument. But, in other words, the court had actively misinformed him of the potential. Again, that's not in this case. No, no, but you'd have to concede that that would be reversible error. The court actively misinforms him of the consequences. If that were on the record, which it is not. These are hypothetical. Hypothetically speaking, I would hope that the government counsel or someone would object or say something on the record to clarify it. Yeah, your hypothetical counsel would, you know, you'd hope that it would do. But on the hypothetical, if the court misinformed, you'd have to concede. So then, if you extend that to get to Judge Berzon's hypothetical, if his own counsel misinformed him, it's a less strong case, but a pretty good case for ineffective assistance of counsel, hypothetically. Hypothetically, and my response, again, would be that's not the facts. That's either in the record here or that this case is before your eyes. I would -- I don't understand your first argument on saying that it was decided on the first appeal. That was a pro se appeal. It was an Anders brief. Where -- what's your best argument that the prior panel actually decided this? In ruling on the fourth issue, which I think is government's Exhibit of Records, page 112, which is the final ruling, actually 111 to 112, which is the final issue raised on the pro se brief is whether the district court should have adjusted Moreno's sentence to account for the period of time between the jury's verdict and Moreno's sentencing hearing, during which he was released on electronically monitored home detention. The district court could not have awarded Moreno credit against his sentence of imprisonment for this time pursuant to 18 U.S.C. 3583B. And then at the end of the citing cases, and then at the end it says it wasn't a downward departure motion, it was a credit for time served motion. Right. But the claim that he's making here now wasn't ripe until the BOP made its decision, right? I believe that is correct. So how could the prior panel have ruled on that? I believe that's more or less correct. And if there are no further questions from the panel, I would submit it on our brief. Okay. Thank you, Your Honor. All right. The case is here to be submitted. Thank you both for your arguments. The next case on the oral argument calendar is 04-50303, United States versus Hanlon.
judges: Thomas, Berzon, Mahan